UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ADRIENNE WARD,
                    *Plaintiff-Appellant,*

v.

RONALD T. KNIGHT, Individually and
in his capacity as Sheriff of
Spotsylvania County, Virginia,
                    *Defendant-Appellee,*

and

MATTHEW VAUGHN RATHBUN,
                    *Defendant.*

No. 03-1319

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Leonie M. Brinkema, District Judge.
(CA-02-717-A)

Argued: October 29, 2003

Decided: November 25, 2003

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

**ARGUED:** Saundra Rosemary Mastro, Benjamin James Trichilo,
TRICHILO, BANCROFT, MCGAVIN, HORVATH & JUDKINS,

P.C., Fairfax, Virginia, for Appellant. Leslie Ann Winneberger, BEALE, BALFOUR, DAVIDSON & ETHERINGTON, P.C., Richmond, Virginia, for Appellee. **ON BRIEF:** Heather K. Bardot, TRICHILO, BANCROFT, MCGAVIN, HORVATH & JUDKINS, P.C., Fairfax, Virginia, for Appellant. William F. Etherington, BEALE, BALFOUR, DAVIDSON & ETHERINGTON, P.C., Richmond, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

After being assaulted by Mathew Vaughn Rathbun, then a deputy sheriff of Spotsylvania County, Virginia, Adrienne Ward brought this action pursuant to 42 U.S.C. § 1983, against Rathbun and the Sheriff of the County, Ronald Knight. Rathbun settled the suit; the district court granted summary judgment to Sheriff Knight. Ms. Ward appeals and we affirm.

I.

On April 29, 2000, at Rathbun's invitation, Ms. Ward, then seventeen, J.A. 12, accompanied him in his police car on his 4 p.m. to 2 a.m. patrol shift. Pursuant to a written general order, G.O. 3-6, the Sheriff's Department permits interested civilians to participate in ride-alongs with deputies during their patrol duties. But G.O. 3-6 only allows ride-alongs if certain procedures are followed (*e.g.* a Ride-Along Application form is completed and approved) and it does *not* permit persons under "18 years of age" to take part in ride-alongs. During the unauthorized April 29 ride-along, Ms. Ward maintains that Rathbun sexually assaulted her and required her to perform oral sex on him. Rathbun denies assaulting Ms. Ward but concedes that they engaged in consensual sexual activity.

On August 20, 2000, Ward filed a formal complaint with the Sheriff's Office. Immediately upon receipt of this complaint, Sheriff Knight initiated an investigation and four days later fired Rathbun. On March 19, 2001, Rathbun pled guilty in state court to felony criminal solicitation; the court sentenced him to a twelve month suspended sentence.

On May 22, 2002, Ms. Ward filed this action, alleging several state and federal claims against Rathbun and Sheriff Knight in his official and individual capacities. She ultimately chose only to pursue her § 1983 claim. After extensive discovery, Sheriff Knight moved for summary judgment on that claim, which the district court granted on December 30, 2003. Shortly thereafter, Rathbun settled Ms. Ward's claim against him.

## II.

The district court issued a well-reasoned opinion explaining the rationale for its grant of summary judgment to Sheriff Knight. *See Adrienne Ward v. Matthew Vaughn Rathbun*, Civil Action No. 02-717-A (E.D. Va. Dec. 30, 2002). At the outset, the court recognized that Ms. Ward contended that "Rathbun deprived her of her right to be free from state-occasioned damage to her bodily integrity by forcing her to perform oral sodomy upon him during the ride-along" and that she further claimed that Sheriff Knight "is responsible for Rathbun's conduct because he was deliberately indifferent to the risk of such conduct posed by the 'atmosphere of sexual permissiveness' in the Sheriff's Office." J.A. 906.

The district court correctly reasoned that Ms. Ward could prevail on her official capacity claim against Sheriff Knight only by proving a "deficient training policy" or an improper but "condoned custom and usage" demonstrating the Sheriff's "deliberate indifference" to her rights and that one of these "caused" the incident by rendering it a "reasonable probability". J.A. 907, 912; *see Spell v. McDaniel*, 824 F.2d 1380, 1389-91 (4th Cir. 1987). The court determined that Ms. Ward had not proffered evidence of deficiencies in training or knowledge of a developed custom that demonstrated the required "deliberate indifference" by Sheriff Knight. J.A. 907-911; *see Spell*, 824 F.2d at 1389-91. The district court also reasoned that Ward had not offered

evidence of a "legally sufficient causal link between any deficiencies in training or failure to correct violations of G.O. 3-6, attributable to Knight and the specific constitutional harm allegedly done to her by Rathbun." J.A. 911. For these reasons, the court granted Sheriff Knight summary judgment on Ms. Ward's official capacity claim against him.

The district court then turned to Ms. Ward's individual capacity claim, which she premised on the Sheriff's asserted supervisory liability. The court properly recognized that to prevail on this claim, Ms. Ward had to meet the test set forth in *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994). *See* J.A. 913. Noting that there was "no evidence in the record to indicate that Knight had any knowledge whatsoever of Rathbun's sexual proclivities before August 20, 2000," the court found "insufficient evidence to hold Knight individually liable for deliberate indifference in his supervision of Rathbun." J.A. 913-914.

### III.

After carefully considering the record, the briefs, and governing legal principles, and having had the benefit of oral argument, we conclude that the district court properly granted summary judgment to Sheriff Knight. Accordingly, we affirm for the reasons well stated by the district court. In doing so, we note that we do not in any way condone the inappropriate sexual activity in which some Spotsylvania County deputies have engaged while on duty. However, as the district court noted, this activity "between consenting adults," some of which had not even taken place prior to Rathbun's assault on Ms. Ward, did not suffice to put Sheriff Knight "on notice of a threat that an employee might sexually assault a minor." J.A. 911.

*AFFIRMED*